UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

NNAMDI EZEANI AND UCHENNA
EGBUNA,

                           Plaintiffs,

         -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, P.O. PATRICK
HEVAGHAN (SHIELD # 27696),

                       Defendants.

------------------------------------------------------------------------x

**ANSWER**

04 CV 5388 (NGG) (RML)

<u>Trial By Jury Requested</u>

(filed by ECF)

Defendants City of New York, the New York City Police Department, and Patrick
Hevaghan, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York,
as and for their answer to the complaint, respectfully allege, upon information and belief, as
follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint, except
admit that plaintiffs purport to invoke the jurisdiction of this Court as set forth therein.

        2.      Deny the allegations set forth in paragraph "2" of the complaint, except
admit that plaintiffs purport to bring this action as set forth therein.

        3.      Deny the allegations set forth in paragraph "3" of the complaint, except
admit that plaintiffs purport to invoke the jurisdiction of this Court as set forth therein.

        4.      Deny the allegations set forth in paragraph "4" of the complaint.

        5.      Deny knowledge or information sufficient to form a belief as to the truth
of the allegations set forth in paragraph "5" of the complaint.

6.      Deny the allegations set forth in paragraph "6" of the complaint, except admit that defendant City of New York is a municipal corporation authorized pursuant to the laws of the State of New York, and state that the allegations concerning respondeat superior and that the individual defendant was acting in furtherance of the business of his employer and within the scope of employment are legal conclusions rather than averments of fact and, accordingly, no response is required.

7.      Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York maintained the New York City Police Department.

8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that the New York City Police Department is an agency of the City of New York, and state that the allegations concerning the commissioner of the New York City Police Department are legal conclusions rather than averments of fact and, accordingly, no response is required.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiffs purport to bring this action as set forth therein.

10.      Deny the allegations set forth in paragraph "10" of the complaint.

11.      Deny the allegations set forth in paragraph "11" of the complaint, except admit that a document purporting to be a notice of claim filed on behalf of plaintiff Uchenna Egbuna was received by the Comptroller's Office of the City of New York on or about March 16, 2004, and that a document purporting to be a notice of claim filed on behalf of plaintiff Nnamdi Ezeani was received by the Comptroller's Office of the City of New York on or about April 2, 2004.

12.    Deny the allegations set forth in paragraph "12" of the complaint, except admit that hearings were held of plaintiffs pursuant to 50-H of the New York General Municipal Law.

13.    Deny the allegations set forth in paragraph "13" of the complaint, except admit that the claims have not been settled.

14.    Defendants state that the allegations set forth in paragraph "14" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

15.    Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiffs were in the Chambers Street subway station on or about February 12, 2004.

16.    In response to the allegations set forth in paragraph "16" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "15" of this answer as if fully set forth therein.

17.    Deny the allegations set forth in paragraph "17" of the complaint.

18.    Deny the allegations set forth in paragraph "18" of the complaint.

19.    Deny the allegations set forth in paragraph "19" of the complaint.

20.    Deny the allegations set forth in paragraph "20" of the complaint.

21.    Deny the allegations set forth in paragraph "21" of the complaint.

22.    In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "21" of this answer as if fully set forth therein.

23.    Deny the allegations set forth in paragraph "23" of the complaint.

24.    Deny the allegations set forth in paragraph "24" of the complaint.

3

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "27" of this answer as if fully set forth therein.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "32" of this answer as if fully set forth therein.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     Deny the allegations set forth in paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "37" of this answer as if fully set forth therein.

39.     Deny the allegations set forth in paragraph "39" of the complaint.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.    In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "41" of this answer as if fully set forth therein.

43.    Deny the allegations set forth in paragraph "43" of the complaint.

44.    Deny the allegations set forth in paragraph "44" of the complaint.

45.    Deny the allegations set forth in paragraph "45" of the complaint.

46.    In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "45" of this answer as if fully set forth therein.

47.    Deny the allegations set forth in paragraph "47" of the complaint.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    Deny the allegations set forth in paragraph "49" of the complaint.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    Deny the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint.

54.    Deny the allegations set forth in paragraph "54" of the complaint.

55.    Deny the allegations set forth in paragraph "55" of the complaint.

56.    Deny the allegations set forth in paragraph "56" of the complaint.

57.    Deny the allegations set forth in paragraph "57" of the complaint.

58.    In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "57" of this answer as if fully set forth therein.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     Deny the allegations set forth in paragraph "63" of the complaint.

64.     Deny the allegations set forth in paragraph "64" of the complaint.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.     Deny the allegations set forth in paragraph "66" of the complaint.

67.     Deny the allegations set forth in paragraph "67" of the complaint.

68.     Deny the allegations set forth in paragraph "68" of the complaint.

69.     Deny the allegations set forth in paragraph "69" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

70.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

71.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

72.     At all times relevant to the acts alleged in the complaint, defendants City of New York and the New York City Police Department, their agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendants are entitled to governmental immunity from liability.

6

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

73.     Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the conduct of intervening non-parties and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

74.     There was probable cause for plaintiffs' arrests and detentions.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

75.     Punitive damages are not obtainable as against defendants City of New York or the New York City Police Department.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

76.     Defendant Patrick Hevaghan has not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, is protected by qualified immunity from liability.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

77.     The New York City Police Department is not a suable entity.

**WHEREFORE**, defendants City of New York, the New York City Police Department, and Patrick Hevaghan request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      April 6, 2005

**MICHAEL A. CARDOZO**
Corporation Counsel of the
   City of New York
Attorney for Defendants City of New York, the New York City Police Department, and Patrick Hevaghan
100 Church Street
New York, New York  10007
(212) 227-4071

By: _____/S/_____
    SUSAN P. SCHARFSTEIN (SS 2476)

To:   Francesco Pomara, Esq.
     Mallilo & Grossman
     163-09 Northern Boulevard
     Flushing, NY  11358

Index No. 04 CV 5388 (NGG) (RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NNAMDI EZEANI AND UCHENNA EGBUNA,

                                        Plaintiffs,

                    -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, P.O. PATRICK HEVAGHAN (SHIELD # 27696),

                                        Defendants.

## ANSWER

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, the New*
*York City Police Department, and Patrick Hevaghan*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Susan P. Scharfstein (SS 2476)*
*Tel: (212) 227-4071*
*NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................., 200 ....*

*.................................................... Esq.*

*Attorney for ............................................*